IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARYAM BALBED,           *

    Plaintiff,           *

v.                       *     Civil No. PJM-16-0193

EDEN PARK GUEST HOUSE, LLC, *et al*,   *

    Defendants.           *

          *   *   *   *   *   *

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiff's Motion to Exclude the Expert Testimony and Report of Christine Limparis ("Motion"). (ECF No. 70.) Having considered the submissions of the parties (ECF No. 70, 71 & 74), I find that a hearing is unnecessary. *See* Local R. 105.6. For the reasons set forth below, the Motion will be denied.[1]

Om January 19, 2016, Plaintiff Maryam Balbed ("Balbed"), filed a complaint against her former employer, Defendant Eden Park Guest House, LLC ("Eden Park"), alleging that she was not paid wages as required by the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, and the Montgomery County, Maryland minimum wage law. On January 10, 2017, Judge Messitte granted Eden Park's cross-motion for summary judgment. (ECF No. 35.) In doing so, Judge Messitte agreed with Eden Park's argument that the parties' written contract constituted an exception to certain FLSA recordkeeping and calculation of in-kind wage requirements. Balbed appealed this decision to the United States Court of Appeals for the Fourth Circuit. (ECF No. 37.)

---

[1] On April 24, 2019, Judge Messitte referred this case to me for all discovery and related scheduling. (ECF No. 75.) In making this referral, Judge Messitte specifically directed me to rule on the Motion.

On January 25, 2018, the Fourth Circuit reversed and remanded, concluding that the district court failed to make certain findings as to whether Eden Park's in-kind compensation conformed to the relevant FLSA requirement (29 U.S.C. § 203(m)) and corresponding Department of Labor Regulations. *Balbed v. Eden Park House L.L.C.*, 881 F.3d 285 290-91 (4th Cir. 2018). Of import to Balbed's Motion, the Fourth Circuit stated that "if Eden Park can provide a reconstruction of records that the district court deems reasonable, those reconstructed records can be used to assess Balbed's appropriate wages." *Id.* On remand, Judge Messitte issued an Order permitting the parties time for "limited discovery, including time for Defendants to attempt to reconstruct records pertaining to the amount of wages—in cash and kind—paid to Plaintiff, and for both Plaintiff and Defendants to assess the nature of, and value of, the living quarters Plaintiff occupied during her employment with Defendants." (ECF No. 57 at 1.)

During discovery, Eden Park produced an expert report prepared by Christine Limparis ("Limparis"). In the report, Limparis states her opinion on the proper calculation of "a monthly housing and living cost allocation for the Inn-keeper of Eden Park for the period July 2015 through June 2016." (ECF No. 70-4 at 2.) Ultimately, Limparis concluded that "the combined total monthly housing and living costs allocated to the Inn-keeper is $993 in 2015 and $829 in 2016." (*Id.*) To arrive at these calculations, Limparis considered the reasonable cost to Eden Park of furnishing Balbed with board, lodging, and other facilities. Limparis calculated the cost of Balbed's personal living space at Eden Park's facility, the cost of Balbed's use of the common area of Eden Park's facility, and the cost of Balbed's use of supplies purchased by Eden Park for use at its facility. (*Id.* at 2-3.)

Balbed moves to exclude the expert testimony of Limparis because it is not reliable or relevant under the standard announced in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993).

Balbed argues that Limparis is not qualified to offer an expert opinion on the reasonable costs to Eden Park of furnishing Balbed with board, lodging, and other facilities during the course of her employment, that her methodology is unreliable, that her calculations are incorrect, that her calculations are based on incorrect and inaccurate data and assumptions, and that her opinion is not relevant because it does not correlate with the requirements of 29 U.S.C. § 201(m). (ECF No. 70-1 at 3.) Because Limparis's opinion is not reliable or relevant, Balbed argues, it must be excluded from evidence.

Under Rule 104(a) of the Federal Rules of Evidence, the Court is responsible for determining preliminary questions conerning the qualification of a person to be a witness and the admissibility of evidence, including the admissibility of expert testimony under Fed. R. Evid. 702. "With regard to expert testimony, it is well settled that '[t]he party seeking admission of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence.'" *Maryland v. Dent*, No. ELH-18-360, 2019 WL 1795531, at *1 (D. Md. Apr. 23, 2019) (quoting *Fireman's Fund Ins. Co. v. Tecumseh Prods. Co.*, 767 F. Supp. 2d 549, 553 (D. Md. 2011).

"Expert testimony is admissible under Rule 702, then, if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999) (citing *Daubert*, 509 U.S. at 592).

> The first prong of this inquiry necessitates an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable— that is, whether it is supported by adequate validation to render it trustworthy. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the facts at issue. Thus, an expert's testimony is admissible under Rule 702 if it rests on a reliable foundation and is relevant.

3

*Id.* at 260-61 (internal citations and quotation marks omitted). *See also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (holding that the *Daubert* standard also applies "to the testimony of . . . other experts who are not scientists").

When exercising its "gate keeping function" to consider the admissibility of expert testimony, the Court undertakes a "flexible" inquiry, "focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry*, 178 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594-95). The Fourth Circuit has directed district courts considering the admissibility of expert testimony to "be conscious of two guiding, and sometimes competing, principles." *Id.* at 261.

> On the one hand, the court should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence. And, the court need not determine that the expert testimony a litigant seeks to offer into evidence is irrefutable or certainly correct. As with all other admissible evidence, expert testimony is subject to being tested by vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof. On the other hand, the court must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to be both powerful and quite misleading. And, given the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded.

*Id.* (internal citations and quotation marks omitted).

When applying *Daubert* to challenged expert testimony, courts typically consider multiple factors, including

> (1) whether the particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community.

*United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*, 509 U.S. at 593-94). These factors are meant to ensure that "an expert, whether basing his testimony upon

professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. The factors are not a "definitive checklist," and not all factors necessarily apply in a given case. *Id.* at 150-51.

The Court will not exclude Limparis's expert testimony. Eden Park has met its burden to show that Limparis's opinion is admissible under Rule 702 and the *Daubert* standard.

First, Limparis is qualified to give an expert opinion in this case. She is a certified public accountant with more than 20 years of accounting experience. (ECF Nos. 70-3 at 5 & 71 at 12.) Her curriculum vitae (ECF No. 70-3 at 5) indicates that she has obtained numerous certifications related to her work as an accountant, and has experience overseeing an accounting firm's "accounting, audit and business valuation practice." (*Id.*) The Court rejects Balbed's challenge to Limparis's qualifications to form an opinion on permitted credits under 29 U.S.C. § 203(m). Considering the experience outlined in Limparis's CV, as well as paragraph 1 of the Affidavit submitted in response to Balbed's Motion, the Court concludes that Limparis is qualified to render an expert opinion in this case. Balbed offers no support for her argument that an accounting expert may only offer an opinion on credits allowed under 29 U.S.C. § 203(m) if the accountant has "previous experience performing accounting work for clients in the hospitality industry," or if the accountant has previously "calculated 203(m) payroll deductions prior to being retained" for the case at issue. (ECF No. 70-1 at 8.) Limparis is sufficiently qualified to offer an expert opinion in this case because she possesses the specialized "knowledge, skill, experience, training, [and] education," Fed. R. Evid. 702, that could assist the trier of fact in determining the amount of credits Eden Park is permitted to claim under § 203(m). *See, e.g. In re*

*Minh Vu*, No. DKC-12-3184, 2013 WL 4804822, at *11 (D. Md. Sept. 6, 2013) (concluding that an accountant was qualified to offer an expert opinion related to a forensic accounting matter).

Second, Limparis's testimony is reliable. To form her opinion, she made mathematical calculations based on data provided to her by Eden Park. The data that Eden Park provided her was related to the costs it incurred in operating its business. The calculations that she used are the product of Limparis's training and experience as an accountant. As Eden Park correctly notes, "[c]alculating 203(m) actual cost deductions is not some novel scientific theory." (ECF No. 71 at 13-14.) Limparis appropriately used her experience as an accountant to create logical formulas for apportioning the costs of Balbed's board, lodging, and other facilities. As the field assistance bulletin that Limparis relied upon notes, determining the appropriate fraction of costs that can be applied to a particular employee is fact-specific, and "[t]here is no formula" that applies to every situation. (ECF No. 71-2 at 7-9.) Balbed may disagree with Limparis's formulas, her calculations, or the data that she used. But there is nothing opaque about how she reached her conclusions. The testimony that Limparis will offer is not difficult for a fact-finder to evaluate. In addition, because her testimony will be offered "subject to being tested by vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," the evidence does not have a "greater potential to mislead than to enlighten." *Westberry*, 178 F.3d at 261.

Consideration of the other factors frequently considered by courts in deciding challenges to expert testimony highlights why Limparis's opinion is reliable. Notably, none of the factors are particularly relevant. Limparis's opinion is based on her experience as an accountant and on mathematical calculations she derived from data that is available to Balbed. Her opinion is not based on a scientific theory that could be tested, subjected to peer review, or considered to have a

6

known or potential rate of error. There is nothing mysterious about Limparis's opinion that will prevent Balbed from challenging it. "[T]he Supreme Court did not intend the gatekeeper role to 'supplant the adversary system or the role of the jury: '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1311-12 (11th Cir. 1999) (quoting *Daubert*, 509 U.S. at 596)). The basis for Limparis's opinion is transparent and supported by the record. Unlike many of the cases cited by Balbed, it is not based on "belief or speculation," and it is not unsupported by the record. *Bryte ex rel. Bryte v. Am. Household, Inc.*, 429 F.3d 469, 477 (4th Cir. 2005); *Oglesby v. Gen. Motors Corp.,* 190 F.3d 244, 250 (4th Cir. 1999); *Tyger Const. Co. v. Pensacola Const. Co.*, 29 F.3d 137, 142 (4th Cir. 1994). The challenges that Balbed presents to Limparis's opinion may have merit, but they go to the weight that the fact-finder gives to the opinon, not its admissibility. Eden Park has met its burden to show that Limparis's testimony is sufficiently reliable to be admissible under Rule 702.

Third, Limparis's opinion is relevant. Section 203(m) allows an employer to claim credit for the reasonable cost of furnishing an employee with board, lodging, or other facilities, subject to certain requirements outlined in the Department of Labor Regulations. *Balbed*, 881 F.3d at 289. The reasonable cost claimed by an employer must not exceed the employer's actual cost in furnishing the board, lodging, or other facilities to the employee. 29 C.F.R. § 531.3(a). As the Fourth Circuit summarized in *Balbed*, "[t]he regulations direct employers to calculate the actual cost of providing lodging to an employee by apportioning the monthly mortgage, rental payments, and utility payments." 881 F.3d at 290. Limparis's opinion is relevant because it is a basis upon which the fact-finder could determine the reasonable cost of the lodging and other in-

kind beenfits that Eden Park provided to Balbed. *Balbed* includes a discussion of the Fourth Circuit's view as to how a reconstruction of records could be used to assess Balbed's appropriate wages. Limparis's opinion and the facts upon which it is based are the type of reasonable reconstruction that can be used to determine the credits Eden Park may claim under § 203(m). Eden Park has met its burden to show that Limparis's testimony is relevant.

For these reasons, Limparis's expert testimony is admissible. Although Balbed's Motion contains several arguments as to why Lipmaris's methodology and opinion are flawed, these arguments do not persuade the Court that the opinion is so unreliable or irrelevant that it should not be admitted into evidence. Certainly, a fact-finder might conclude that Limparis's opinion is not reliable, but that is not a finding for this Court to make. Furthermore, even assuming that Limparis's opinion has deficiencies, it is not so "fundamentally unreliable that it can offer no assistance to the jury." *Goyal v. Thermage, Inc.*, No. WDQ-08-0020, 2011 WL 691185, at *3 (D. Md. Feb. 18, 2011) (quoting *Meterlogic Inc. v. KLT, Inc.,* 368 F.3d 1017, 1019 (8th Cir. 2004)). The asserted flaws in Limparis's report "are the proper subject of cross-examination." *Id.* It is the province a jury, not this Court, to determine whether the asserted deficiencies undermine Limparis's opinion. *See TFWS, Inc. v. Schaefer*, 325 F.3d 234, 240 (4th Cir. 2003).

### ORDER

For the foregoing reasons, Balbed's Motion to Exclude the Expert Testimony and Report of Christine Limparis (ECF No. 70) is **DENIED**.

August 7, 2019                   /s/
Date                                                  Timothy J. Sullivan
                                                               United States Magistrate Judge